## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:18-CR-30063-NJR-14 |
| LENDARIOUS HAYES, | |
| Defendant. | |

## ORDER REDUCING SENTENCE

**ROSENSTENGEL, Chief Judge:**

Now before the Court is a Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed by Defendant Lendarious Hayes. (Doc. 998). Hayes seeks a reduction in sentence from 135 months' imprisonment to 120 months' imprisonment under 18 U.S.C. § 3582(c) and the retroactive application of Part B of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). In response, the Government contends that Hayes is not eligible for a sentence reduction under Amendment 821. (Doc. 1002).

Section 3582(c)(2) allows a court to reduce the term of imprisonment of a defendant whose guideline sentencing range subsequently has been lowered by the Sentencing Commission, as long as the court considers the factors set forth in § 3553(a) and the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). On November 1, 2023, the Sentencing Commission promulgated Amendment 821, Part B of which retroactively provides offenders with zero criminal history points and whose offense did not involve specified aggregating factors a two-level decrease in their offense level. U.S.S.G. § 4C1.1.

Here, Hayes had zero criminal history points at sentencing, establishing a criminal

history category of I. With a total offense level of 31 and a criminal history category of I, Hayes's guideline range was 108 to 135 months. (Doc. 645). Because Hayes was subject to a statutory mandatory minimum of 120 months, however, his guideline range was effectively 120 to 135 months. (*Id.*). The Court sentenced Hayes to 135 months. (Doc. 668).

The Government acknowledges that because he had zero criminal history points, Part B of Amendment 821 reduces Hayes's total offense level from 31 to 29, resulting in a new guideline range of 87 to 108 months. Nevertheless, the Government argues that the Sentencing Commission has no authority to alter a statutory mandatory penalty; if the statutory mandatory penalty is higher than the guideline range, the statutory minimum becomes the guideline sentence. U.S.S.G. § 5G1.1(b). That means Hayes's guideline range becomes 120 months—the same as the low-end of his guideline range at sentencing. And because the low end of Hayes's guideline range remains 120 months, the Government argues, his sentencing range has not been "lowered" as is required to be eligible for a sentence reduction under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 824 (2010) (Section 3582(c)(2) provides only a limited exception to the rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .").

The Government acknowledges that the Seventh Circuit has not addressed this exact issue, but it asks the undersigned to follow Second Circuit precedent holding that where the low end of the guideline range has not changed in light of a mandatory minimum sentence, then the range remains unchanged for purposes of a sentence reduction motion. *See United States v. Johnson*, 732 F.3d 109, 114-15 (2d. Cir. 2013) (holding that where the original range was 120 to 135 months, and became 120 months, the range had not been lowered).

In reply, Hayes agrees that, due to the statutory mandatory minimum, his new guideline range is effectively 120 months. He also agrees that the Seventh Circuit has not addressed the issue, but he urges the Court to adopt the position of the Eleventh Circuit in *United States v. Hargrove*, 732 F.3d 1253, 1254-55 (11th Cir. 2013). There, the Eleventh Circuit held that "a defendant subject to a statutory mandatory minimum is eligible for § 3582(c)(2) relief when he was sentenced above that minimum and a retroactive guidelines amendment lowers the high-end of his applicable guidelines range." *Id.* at 1254.

In *Hargrove*, the defendant's guideline range was 100 to 125 months' imprisonment, but due to a statutory minimum of 120 months, his range effectively became 120 to 125 months' imprisonment. *Id.* The district court then departed upward and sentenced Hargrove to 240 months' imprisonment. *Id.* A retroactive amendment to the guidelines later reduced Hargrove's applicable range to 70 to 87 months' imprisonment. *Id.* at 1225. The court found that because Hargrove remained subject to a 120-month statutory mandatory minimum, "his final guidelines range would be simply 120 months' imprisonment." *Id.* (citation omitted). The amendment, therefore, "lower[ed] [Hargrove's] applicable guideline range" by reducing the high-end from 125 to 120 months. *Id.* Because his applicable range had been "lowered," Hargrove was eligible for a reduction under § 3582(c)(2). *Id.*

The Court is persuaded by the *Hargrove* court's reasoning, as well as Seventh Circuit precedent, that Hayes is eligible for a sentence reduction. Although the Seventh Circuit has not addressed this issue head-on, in *United States v. Taylor*, the Court of Appeals noted that § 3582(c)(2) applies to a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission retroactively." 778 F.3d 667, 672 (7th Cir. 2015). The court then explained that the "'sentencing

range' that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, *but the bottom-line, final range that was the basis for the sentence.*" *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added)).

Here, the bottom-line, final range that was the basis for Hayes's sentence was 120 to 135 months. Now, as a result of Amendment 821, Hayes's guideline range is simply 120 months. Because the high end of the range has been lowered from 135 to 120 months, the Court agrees with Hayes that his range has been "lowered" within the meaning of § 3582(c)(2). And, as a result, Hayes is eligible for a sentence reduction.

The Government also argues that, even if the Court finds Hayes eligible for a reduction, it should decline to reduce Hayes's sentence based on the factors in 18 U.S.C. § 3553(a). It notes that in three years in the Bureau of Prisons, Hayes has received three disciplinary infractions for (1) refusing to obey an order and being in an unauthorized area; (2) interfering with security devices; and (3) refusing to obey an order and being insolent to staff members. As a result, Hayes has lost privileges for extended periods of time and has lost good conduct time. The Government asserts that this continued disregard for the law merits the denial of his motion for a sentence reduction.

The Court disagrees with the Government's assessment. As argued by Hayes, his conduct violations have been minor, they did not involve violence or contraband, and they merely reflect his adjustment to life in the Bureau of Prisons as a first-time offender. And, while the Court does not take these infractions lightly, Hayes has already been punished for these incidents through the loss of good conduct time.

The Court further finds that the remainder of the §3553(a) factors weigh in favor of a sentence reduction. Reducing Hayes's sentence by 15 months to his new guideline range of

120 months still affords adequate deterrence to criminal conduct, protects the public from further crimes by Hayes, and provides just punishment for the offense. Hayes was a 24-year-old, first-time offender who served as a drug courier for his uncle (who he regarded as a father figure), and the Court has no doubt that a 10-year sentence is adequate to dissuade Hayes from future criminal conduct.

Upon consideration of the record, 18 U.S.C. § 3582(c)(2), and Part B of Amendment 821, the Court finds that Hayes is eligible for a sentence reduction. Further, after considering Hayes's disciplinary records and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that a sentence reduction is warranted in this case.

For these reasons, the Court **GRANTS** the motion for sentence reduction filed by Lendarious Hayes and **ORDERS** that his sentence be reduced to a term of **120 months**. All other terms of the judgment in this case shall remain unchanged.

**IT IS SO ORDERED.**

DATED:  April 12, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**